# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WADDELL WARREN,**

      **Petitioner,**

  v.         CASE NO. 13-3031-SAC

**STATE OF KANSAS,**

      **Respondent.**

**MEMORANDUM AND ORDER**

  This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se.

  The court has examined the petition and the supplement, titled as an addendum to request authorization, and construes this matter as a successive application for habeas corpus relief challenging petitioner's 1991 conviction of conspiracy to commit robbery and aiding and abetting aggravated robbery. *State v. Warren*, 843 P.2d 224 (Kan. 1992).

  Petitioner previously sought habeas corpus review of these convictions. *Warren v. Bruce*, 119 Fed. Appx. 204 (10th Cir. 2004), *cert. denied*, 545 U.S. 1131 (2005).

  Because this is a successive application for habeas corpus, petitioner must seek authorization from the United States Court of Appeals for the Tenth Circuit to proceed in this matter. 28 U.S.C. § 2244(b)(3)(a). Absent that authorization, this court lacks jurisdiction to consider the petitioner's claims.

  In order to obtain authorization, the petitioner must establish that his claims are based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that

was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." §2244(b)(2)(B).

Because petitioner does not show that he has obtained the necessary authorization, this court either must dismiss the petition, or, if it concludes it is in the interest of justice, transfer this matter to the appellate court pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The court has considered the record and finds no reason to transfer this matter. The previous petition was dismissed as time-barred several years ago, and petitioner has made no showing that justifies allowing the present application to proceed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a Certificate of Appealability in this matter.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2013, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge